**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUNE NEWIRTH, by and through
her Guardian ad Litem, Frederick
J. Newirth, on her own behalf
and on behalf of others similarly
situated; ELIZABETH BARBER;
ANDREW BARDIN; THOMAS
BARDIN, as successors-in-interest
to the Estate of Margaret Pierce;
on their own behalves and on
behalf of others similarly
situated,

    *Plaintiffs-Appellees*,

     v.

AEGIS SENIOR COMMUNITIES,
LLC, DBA Aegis Living,
    *Defendant-Appellant.*

No. 17-17227

D.C. No.
4:16-cv-03991-JSW

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted May 14, 2019
San Francisco, California

Filed July 24, 2019

Before:  J. Clifford Wallace and Sandra S. Ikuta, Circuit
Judges, and Donald W. Molloy,[*] District Judge.

Opinion by Judge Ikuta

## SUMMARY[**]

### Arbitration

The panel affirmed the district court's order denying
Aegis Senior Communities, LLC's motion to compel
arbitration in a class action alleging that Aegis engaged in a
scheme to defraud seniors.

The panel applied a federal law standard for determining
whether the arbitration agreement was waived. Under federal
law, a party seeking to prove that the right to compel

---

[*] The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

arbitration has been waived must carry the burden of demonstrating: (1) knowledge of an existing right to compel arbitration; (2) intentional acts inconsistent with that existing right; and (3) prejudice to the person opposing arbitration from such inconsistent acts. *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

The panel held that because Aegis knew of its right to compel arbitration, but made an intentional decision not to compel arbitration in order to take advantage of the judicial forum, and because the plaintiffs were prejudiced by incurring costs in defending against Aegis's motion to dismiss plaintiffs' complaint, the district court did not err in concluding that Aegis waived its right to arbitrate.

---

## COUNSEL

Lann G. McIntyre (argued), Lewis Brisbois Bisgaard & Smith LLP, San Diego, California; Leona Lam Reddy, Katherine C. Den Bleyker, and Jeffrey S. Ranen, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, California; for Defendant-Appellant.

Sarah Colby (argued) and Guy B. Wallace, Schneider Wallace Cottrell Konecky Wotkyns LLP, Emeryville, California; Christopher J. Healey, Dentons US LLP, San Diego, California; George Kawamoto and Kathryn A. Stebner, Stebner and Associates, San Francisco, California; Michael D. Thamer, Law Offices of Michael D. Thamer, Callahan, California; W. Timothy Needham, Janssen Malloy LLP, Eureka, California; Robert S. Arns, The Arns Law Firm, San Francisco, California; Kirsten M. Fish, Neeham Kepner & Fish LLP, San Jose, California; for Plaintiffs-Appellees.

**OPINION**

IKUTA, Circuit Judge:

Aegis Senior Communities, LLC, appeals from the district court's order denying its motion to compel arbitration. Because Aegis knew of its right to compel arbitration, but made an intentional decision not to compel arbitration in order to take advantage of the judicial forum, and because the plaintiffs incurred costs as a direct result, the district court did not err in concluding that Aegis waived its right to arbitrate. Therefore, we affirm.

I

June Newirth, Margaret Pierce, and Barbara Feinberg were residents of three different senior living communities, all operated by Aegis Senior Communities, LLC (Aegis).[1] Each of them (through a representative holding a valid power of attorney) entered into an agreement with Aegis which included an arbitration provision. The provision stated "that any legal claim or civil action arising out of or relating to care or services provided" by Aegis "will be determined by submission to arbitration as provided in accordance with California law."

Notwithstanding her arbitration agreement, Newirth filed a class action complaint against Aegis in California state court in April 2016, alleging that Aegis engaged in a scheme

---

[1] Newirth resided at Aegis's Corte Madera community from July 2010 through July 2014. Pierce resided at Aegis's Moraga community from April 2013 until January 2015. Feinberg has resided at Aegis's Laguna Niguel community since October 2013.

to defraud seniors by falsely representing that staffing levels would be determined by the overall needs of the residents, when in fact staffing was based on budget considerations.[2] Aegis removed the complaint to district court in July 2016, and filed a motion to compel arbitration as well as a motion to dismiss a week later.

Instead of pursuing these motions, however, Aegis and Newirth filed a stipulated agreement a week later. Pursuant to the stipulation, Newirth filed a second amended complaint in August 2016, adding additional plaintiffs.[3] For its part, Aegis withdrew its motion to compel arbitration and its motion to dismiss. In September 2016, it filed a new motion to dismiss the second amended complaint, in which it made no mention of arbitration or the arbitration agreements. The following day, the parties filed an agreement stating they were attempting mediation of their dispute.[4]

Over the next 11 months, while the second motion to dismiss was pending, the parties actively engaged in the discovery process. The parties participated in a discovery conference, entered into a court-approved stipulation

---

[2] Newirth claimed that Aegis's allegedly fraudulent actions violated California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 et seq., California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq., and section 15610.30 of California's Welfare and Institutions Code (which prohibits the financial abuse of an elder).

[3] The second amended complaint added Feinberg as a plaintiff, as well as Elizabeth Barber, Andrew Bardin, and Thomas Bardin, as successors-in-interest to Pierce's estate.

[4] The parties began the mediation process on May 29, 2018, but it proved unsuccessful.

regarding the production of documents and electronic records, and submitted a proposed joint conference report that included a proposed schedule for discovery, class certification briefing and hearing dates, and a date for trial. In December 2016, the parties served their initial disclosures. In the early stages of discovery, Aegis disclosed a copy of the relevant agreements with Newirth, Pierce, and Feinberg; each agreement included an arbitration provision initialed by the party's representative.

Feinberg and Aegis entered into a settlement agreement later that month.[5] The remaining parties continued to meet and confer regarding moving forward with the discovery process.

The district court finally denied Aegis's pending motion to dismiss Newirth's second amended complaint in May 2017. Aegis filed a new motion to compel arbitration two months later, almost a year after it had withdrawn its initial motion to compel arbitration.

In September 2017, the district court denied Aegis's renewed motion to compel arbitration on the ground that Aegis had waived its right to arbitrate. Aegis filed a timely notice of appeal.[6] *See* Fed. R. App. P. 4(a)(1).

---

[5] Feinberg was formally removed as a class representative in October 2017, and is not a party to this appeal. Through the remainder of this opinion, we use "Newirth" to refer collectively to plaintiffs-appellees.

[6] The district court denied Aegis's motion to stay the district court's order pending appeal. Accordingly, litigation has continued at the district court and is ongoing. This ongoing litigation does not render this appeal moot because effective relief remains available to Aegis. If Aegis prevailed in its claim that it was entitled to arbitrate the dispute, "the

We have jurisdiction under 28 U.S.C. § 1291 because a "district court's denial of a motion to compel arbitration" is a final order appealable under the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(B).  *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1117 (9th Cir. 2008).  We review de novo the district court's denial of a motion to compel arbitration, including its determination that a party has waived the right to arbitrate.  *Id.* at 1119.

## II

Congress enacted the Federal Arbitration Act (FAA) in 1925 "in response to a perception that courts were unduly hostile to arbitration."  *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018).  The Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Supreme Court has "described this provision as reflecting both a 'liberal federal policy favoring arbitration,' and the 'fundamental principle that arbitration is a matter of contract.'"  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (first quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); then quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)).  In light of the FAA's savings clause and the fundamental principle that contract rules apply to arbitration agreements, the Supreme Court has concluded that "[a] court may invalidate an arbitration agreement based on 'generally applicable contract defenses,'" but "any state rule

---

district court judgment would be vacated and the parties could proceed to arbitration."  *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1410 & n.6 (9th Cir. 1990).

discriminating on its face against arbitration" or "that covertly accomplishes the same objective" is preempted. *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017) (quoting *Concepcion*, 563 U.S. at 339).

Although arbitration agreements are subject to general contract principles such as waiver, a "[w]aiver of a contractual right to arbitration is not favored," and "any party arguing waiver of arbitration bears a heavy burden of proof."[7] *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (internal quotation marks omitted). Moreover, where the waiver of the right to compel arbitration implicates questions of arbitrability that "affect the allocation of power" between a court and arbitrator, we have applied a federal law standard for determining whether an arbitration agreement has been waived. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002) (internal quotation marks omitted); *compare id. with Cox*, 533 F.3d at 1124–25 & n. 7 (applying California waiver law in lieu of the federal standard). The parties do not dispute that the federal standard applies here.[8]

---

[7] Because Newirth does not rely on California's longstanding rule that a party may waive a contract right, *see Roesch v. De Mota*, 24 Cal. 2d 563, 572 (1944), or assert that this rule precludes enforcement of the arbitration agreement, we do not reach the question whether this rule would be preempted by the FAA under the "equal-treatment principle" recognized in *Kindred Nursing Centers*. 137 S. Ct. at 1426.

[8] The parties also do not dispute that a court, rather than an arbitrator, should determine whether Aegis waived the right to arbitration. If parties to a contract want an arbitrator to decide the question of waiver, "they must place clear and unmistakable language to that effect in the agreement." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). Here, the parties' contract does not clearly and unmistakably provide that the arbitrator will decide the question of waiver.

Under federal law, waiver is "the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n.1 (2017) (internal quotation marks omitted). A party seeking to prove that the right to compel arbitration has been waived must carry the heavy burden of demonstrating: (1) knowledge of an existing right to compel arbitration; (2) intentional acts inconsistent with that existing right; and (3) prejudice to the person opposing arbitration from such inconsistent acts. *Fisher*, 791 F.2d at 694.

Aegis does not dispute that it knew it had a right to compel arbitration with Newirth. Therefore, we consider only the second and third elements of waiver.

A

We first consider Newirth's argument that Aegis intentionally took actions inconsistent with the right to compel arbitration of Newirth's claims.

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate," *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016); rather, we consider the totality of the parties' actions, *see id.* at 1126. Applying this holistic approach, we have generally asked whether a party's actions "indicate a conscious decision . . . to seek judicial judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to arbitrate." *Id.* at 1125 (internal quotation marks omitted) (second alteration in original). That is, a party acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a

prolonged period of time in order to take advantage of being in court.

Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum. *Id.* at 1126. For example, in *Van Ness Townhouses v. Mar Industries Corp.*, we concluded that the defendant acted inconsistently with its known arbitration right when it made an intentional decision to refrain from filing a motion to compel arbitration (because it did not want to sever the arbitrable claims from the nonarbitrable claims), and litigated the arbitrable claims for two years in federal court, including filing a motion to dismiss for failure to state a claim. 862 F.2d 754, 756, 759 (9th Cir. 1988). Similarly, in *Martin v. Yasuda*, we concluded that the defendants acted inconsistently with pursuing arbitration when they spent seventeen months actively litigating their case in federal court, including filing a motion to dismiss "on a key merits issue." 829 F.3d at 1126. Again, the record established that the defendants in *Martin* intentionally refrained from filing a motion to compel arbitration: when the district court asked defendants' counsel directly whether he intended to move to compel arbitration, counsel responded: "[W]e haven't made a decision about that. And frankly . . . I think our view of it is we are probably better off just being here in the court with the procedures of Rule 23 and discovery and federal practice than handling it in arbitration." *Id.* at 1122 (alterations in original).[9]

---

[9] In a slightly different context, we have held that when a defendant with a non-mandatory arbitration agreement litigated its claims to a verdict in trial court, it acted inconsistently with its known right to timely demand arbitration. *See Gutierrez v. Wells Fargo Bank, NA*, 704 F.3d 712, 721–22 (9th Cir. 2012).

Conversely, parties do not act inconsistently with a right to compel arbitration when they engage in litigation activities that do not evince a decision to take advantage of the judicial forum. Thus *Britton v. Co-op Banking Group* held that a defendant who resisted discovery requests, pursued a court-appointed attorney, and applied for in forma pauperis status, did not act inconsistently with his right to arbitrate. 916 F.2d 1405, 1413 (9th Cir. 1990). Such actions reflected only a "determination to avoid or frustrate the litigation" rather than a strategic decision to "active[ly] litigat[e]," i.e., to forgo the right to compel arbitration and take advantage of a judicial forum. *Id.* Even "filing a motion to dismiss that does not address the merits of the case is not sufficient to constitute an inconsistent act." *Martin*, 829 F.3d at 1125;[10] *see also In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010) (concluding that a party did not waive its right to compel arbitration unless that party "at the very least" had engaged "in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration"). Likewise, where it would have been "futile [at the time] to file a motion to compel arbitration" under then-existing law, even a defendant's active litigation for three and a half years is not inconsistent with a known right to compel arbitration. *Fisher*, 791 F.2d at 695; *accord Letizia v. Prudential Bache Secs., Inc.*, 802 F.2d 1185, 1187 & n.3 (9th Cir. 1986). Conversely, when a defendant successfully opposed a plaintiff's initial demand for arbitration, the plaintiff's subsequent pursuit of a remedy in federal court was not inconsistent with its known

---

[10] Thus, moving to dismiss a complaint without prejudice or moving to dismiss an action on jurisdictional or res judicata grounds is not inconsistent with a known right to compel arbitration because such motions do not seek a judicial determination on the merits. *See Martin*, 829 F.3d at 1125–1126 & n.4.

right to arbitrate, and the plaintiff could therefore pursue a renewed arbitration demand at a later date. *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). In context, such actions do not evince an intentional decision to forgo arbitration in favor of a judicial forum.

Applying this framework, Newirth carried her burden of showing that Aegis took actions inconsistent with its known right to arbitrate. Although Aegis promptly filed a motion to compel arbitration, Aegis intentionally withdrew the motion and proceeded to take advantage of the federal forum by filing a motion to dismiss Newirth's arbitrable claims, with prejudice, for failure to state a claim. As we have explained, "[w]hen defendants move for dismissal with prejudice on a key merits issue that would preclude relief as to one or more of plaintiffs' claims . . . they are seeking a ruling on the merits." *Martin*, 829 F.3d at 1126 n.4. Only after receiving an adverse ruling on this motion did Aegis refile the motion to compel arbitration that it had withdrawn a year earlier. Under the totality of these circumstances, we conclude that Aegis knowingly decided to defer its right to compel arbitration to avail itself of the benefits of the federal court forum, an intentional action inconsistent with its known right to compel arbitration.

Aegis makes several arguments to avoid this conclusion. First, it argues that it never expressly waived its right to compel arbitration. But parties to a contract can impliedly waive a right, so long as the parties' actions amount to a knowing relinquishment of that right. *See Van Ness*, 862 F.2d at 759. Second, Aegis argues that its initial filing of a motion to compel arbitration is evidence that it did not intend to waive the right. But again, Aegis's withdrawal of the motion to compel arbitration and failure to renew it for a

year while it sought a determination on the merits provides strong support for Newirth's argument that Aegis intentionally waived its right to compel arbitration.

Third, Aegis argues that it "engaged in only the minimum amount of litigation activity required . . . to comply with its obligations under the applicable court rules and orders, and therefore did not act inconsistently with its right to arbitrate." This argument also fails. Aegis could have filed a renewed motion to compel arbitration at any time after withdrawing its initial motion, but waited a year to do so. In the meantime, Aegis sought a judgment on the merits from the district court. Nor did Aegis avail itself of local rules that would have allowed it to seek relief from case management and discovery obligations. *See* N.D. Cal. Civil L.R. 16-2(d).

Finally, Aegis argues that the one-year delay in filing its second motion to dismiss was not inconsistent with its arbitration right because the lengthy delay was due to its mistaken belief that Feinberg had not signed an arbitration agreement, and could pursue her claims in court. Rather than defend against the same claims in court and in arbitration proceedings, Aegis asserts, it decided to proceed in court until Feinberg withdrew as a class representative. The record does not support this argument. Aegis provided the plaintiffs with a copy of Feinberg's signed and initialed arbitration agreement in December 2016, more than seven months before renewing its motion to compel arbitration. Moreover, Feinberg settled with Aegis on December 19, 2016, again, more than seven months before Aegis renewed its motion to compel arbitration, and Aegis's renewed motion was filed nearly three months before Feinberg was removed as a class representative. In any event, a decision "to avoid severance of the arbitrable and non-arbitrable claims" by proceeding

with litigation on all claims may be "inconsistent with the agreement to arbitrate [the arbitrable] claims" in some circumstances. *Van Ness*, 862 F.2d at 759.[11] Accordingly, Newirth carried her burden of showing that Aegis took actions inconsistent with its known right to compel arbitration.

## B

Finally, we consider whether appellees were prejudiced by the inconsistent actions taken by Aegis. A party is not prejudiced by self-inflicted wounds "incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement." *Martin*, 829 F.3d at 1126; *see also Fisher*, 791 F.2d at 698. When a party agrees to arbitrate disputes, and then breaches that agreement by filing a lawsuit, "[a]ny extra expense incurred as a result of the [plaintiffs'] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [the defendant]." *Fisher*, 791 F.2d at 698. Accordingly, a plaintiff that has breached its arbitration agreement is not prejudiced by costs incurred in preparing the complaint, serving notice, and litigating non-merits issues (such as jurisdiction or venue). *See id.* Nor is such a plaintiff prejudiced by costs incurred due to substantial discovery in federal court, even though such discovery "would be rendered nugatory by a direction that arbitration now be had." *Britton*, 916 F.2d at 1413; *see also Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (holding discovery costs resulting from plaintiff's

---

[11] Aegis also argues that it "regularly referenced arbitration in its filings and in its correspondence with opposing counsel, and therefore continuously reiterated its intention to compel arbitration of this matter." Aegis points to nothing in the record that supports this argument.

decision to sue in federal court were insufficient to show prejudice).  Finally, a plaintiff is not prejudiced by "the possibility that there may be some duplication from . . . parallel proceedings" in litigation and arbitration.  *Fisher*, 791 F.2d at 698.

A breaching plaintiff may nevertheless show prejudice when the defendant has engaged in acts that are inconsistent with its right to arbitrate (as explained above), and the plaintiff has incurred costs due to such inconsistent acts.  This prejudice requirement is satisfied when plaintiffs would be forced to "relitigate an issue on the merits on which they have already prevailed in court," or when defendants have sought and "received an advantage from litigating in federal court that they would not have received in arbitration."  *Martin*, 829 F.3d at 1126, 1128 (prejudice found where plaintiff incurred costs "contesting the defendants' motion to dismiss on the merits"); *see also Van Ness*, 862 F.2d at 759.  A plaintiff may also show it was prejudiced by expenses of litigation when it attempts to arbitrate a dispute, but is forced by the defendant to pursue its remedies in court.  *See Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012–13 (9th Cir. 2005).  Conversely, a defendant may show prejudice due to the expenses of litigation when a plaintiff pursues its claims in state court (pursuant to an agreement with the defendant to waive its arbitration rights), and then demands arbitration of a related claim.  *See Hoffman Constr. Co. of Or. v. Active Erectors & Installers, Inc.*, 969 F.2d 796, 799 (9th Cir. 1992).

Applying these principles, Newirth was not prejudiced by Aegis's participation in discovery and scheduling conferences, development of a proposed order regarding electronic records, and conferring about alternative dispute resolution.  She was prejudiced, however, by the costs

incurred in defending against Aegis's motion to dismiss her complaint on the merits. Aegis attempted to take advantage of the judicial forum to prevail on the merits of Newirth's arbitrable claims, and did not file a motion to compel arbitration until after receiving an adverse ruling. If the court had granted the motion to compel arbitration, Newirth would have been forced "to relitigate a key legal issue [on the merits] on which the district court has ruled in [her] favor." *Martin*, 829 F.3d at 1128. The costs of rearguing this ruling are directly traceable to Aegis's acts that were inconsistent with its known right to compel arbitration. *See id.* at 1126.

Aegis argues that despite the fact its motion to dismiss on the merits directly caused Newirth to incur costs contesting that motion, Newirth was not prejudiced because Aegis does not intend to make the same challenges in arbitration. This argument fails. It ignores that Newirth already expended costs "contesting the defendants' motion to dismiss on the merits," *id.* at 1128; costs directly traceable to Aegis's acts inconsistent with its known right to compel arbitration. That Aegis intends not to revive its rejected merits arguments once sent to arbitration does not alleviate this prejudice.

Accordingly, Newirth has carried her heavy burden of showing prejudice.

**AFFIRMED.**