**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAISY ALVAREZ,

             Plaintiff-Appellee,

v.

SHERATON OPERATING
CORPORATION, a Delaware corporation;
MARRIOTT INTERNATIONAL, INC.,

             Defendants-Appellants,

No. 21-55562

D.C. No. 2:20-cv-03608-TJH-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted December 8, 2021
Pasadena, California

Before: W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

    Defendants-appellants Sheraton Operating Corporation and Marriott

International, Inc., appeal from the district court's order denying their motion to

compel arbitration. The district court applied California law in holding that

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appellants waived their right to compel arbitration by its active litigation of the case over thirteen months. On appeal, appellants contend that the district court should have applied federal rather than California law, and that under federal law they did not waive their right to compel. We have jurisdiction under 28 U.S.C. § 1291.

The district court erred in applying California law. "[W]here the waiver of the right to compel arbitration implicates questions of arbitrability that 'affect the allocation of power' between a court and arbitrator, we have applied a federal law standard for determining whether an arbitration agreement has been waived." *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 940 (9th Cir. 2019) (quoting *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002)). The district court relied on *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1124 (9th Cir. 2008), but we applied California law in that case because "the parties [in *Cox* had] selected California law to govern the resolution of disputes arising out of the[ir] employment agreement." *Id.* at 1121. Here, by contrast, the parties agreed that their arbitration agreement "shall be governed by the Federal Arbitration Act."

Because federal law differs from California law and is more demanding of the party resisting arbitration, *compare Newirth*, 931 F.3d at 940 (articulating the federal standard), *with Cox*, 533 F.3d at 1124 (articulating the California standard),

2

we reverse and remand to the district court to allow it to apply federal law. The panel will retain jurisdiction over any appeal from the decision of the district court.

Appellants filed a motion to strike documents in the supplemental excerpts of records on the ground that they were not filed with the district court (Dkt. 24). We GRANT the motion to strike.

**REVERSED AND REMANDED.**