**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAISY ALVAREZ, | No. 22-55749 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-03608-TJH-JC |
| v. | |
| SHERATON OPERATING CORPORATION, a Delaware corporation; MARRIOTT INTERNATIONAL, INC., | MEMORANDUM* |
| Defendants-Appellants | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted March 10, 2022**
San Francisco, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Defendants-appellants Sheraton Operating Corporation and Marriot

International, Inc. ("Appellants") appeal from the district court's denial of their

renewed motion to compel arbitration.  We have jurisdiction under

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. *Newirth by & through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 939 (9th Cir. 2019). We affirm.

"We review de novo the district court's denial of a motion to compel arbitration, including its determination that a party has waived the right to arbitrate." *Hill v. Xerox Bus. Servs.*, 59 F.4th 457, 468 (9th Cir. 2023) (quoting *Newirth*, 931 F.3d at 939). A party seeking to establish waiver of the right to arbitrate must show two things: "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Id.*

The district court did not err in concluding that Appellants knew of an existing right to compel arbitration. "Under well-established principles of agency, a principal is bound by the knowledge of its agent concerning a matter upon which it is the agent's duty to give the principal information." *United States v. Georgia-Pacific Co.*, 421 F.2d 92, 97 n.9 (9th Cir. 1970). Appellants do not dispute that knowledge of the right to compel arbitration is properly imputed to them.

The district court likewise did not err in concluding that Appellants engaged in acts inconsistent with the right to arbitrate. "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Rather, the

2

Court deploys a "holistic approach" and considers the "totality of the parties' actions." *Newirth*, 931 F.3d at 941.

In the totality of their actions, Appellants acted in a manner inconsistent with the right to arbitrate. First, Appellants sought a decision on the merits by moving to dismiss Alvarez's complaint without leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Martin*, 829 F.3d at 1125 (noting that "although filing a motion to dismiss that does not address the merits of the case is not sufficient to constitute an inconsistent act, seeking a decision on the merits of an issue may satisfy this element"); *see also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("[D]ismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Second, Appellants asserted preemption by the Federal Arbitration Act as an affirmative defense in their answer and then waited eight months before moving to compel arbitration. *See Martin*, 829 F.3d at 1125 (reasoning that an "extended silence and delay in moving for arbitration" may indicate action inconsistent with the right to arbitrate); *see also id.* at 1121 (stating defendants did not move to compel arbitration despite asserting arbitration as one of forty-three affirmative defenses). Third, Appellants engaged in some (albeit limited) discovery. *Cf. Martin*, 829 F.3d at 1122; *Newirth*, 931 F.3d at 939.

3

The district court's denial of Appellants' renewed motion to compel

arbitration is therefore

**AFFIRMED.**