NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANQ, INC., a Florida corporation,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>SCOTT PURCELL; GEORGE GEORGIADES; KEVIN LEHTINIITTY; ELEMENTAL FINANCIAL TECHNOLOGIES, INC., FDBA Fortress Block Chain Technologies, Inc., FDBA Fortress NFT Group, Inc., a Delaware corporation; FORTRESS NFT, INC., FDBA Planet NFT, Inc., a Delaware corporation,<br><br>              Defendants-Appellees. | No.   23-15229<br><br>D.C. No.<br>2:22-cv-00773-APG-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 10, 2024[**]
San Francisco, California

Before: WARDLAW, GOULD, and BUMATAY, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Banq, Inc., appeals the district court's decision compelling arbitration of its claims against Scott Purcell and the other named Defendants (collectively "Defendants"). We have jurisdiction under 28 U.S.C. § 1291 and reverse.

1. Banq challenges the district court's conclusion that Defendants didn't waive their right to arbitration. We review this issue de novo. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). To show Defendants waived their right to arbitrate, Banq "must demonstrate: (1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Id.* (simplified). Defendants acknowledge they were aware of their right to arbitrate, so we're only concerned with whether Defendants' "intentional acts were inconsistent with its right to compel arbitration." *See id.* "There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Rather, the Court considers the "totality of the parties' actions." *Newirth by & through Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir. 2019).

In the totality of their actions, Defendants acted inconsistently with their right to arbitrate. Defendants' first act before the district court was to file a motion to dismiss Banq's claims on the merits. A motion to dismiss under Rule 12(b)(6) is generally considered "a judgment on the merits." *Federated Dep't Stores, Inc. v.*

2

*Moitie*, 452 U.S. 394, 399 n.3 (1981) (simplified). As relevant here, Defendants moved to dismiss Banq's claims on the grounds that Banq's state law claims were preempted by federal law, Banq's allegedly fraudulent statements were mere puffery, and Banq's claim for "negligence for spoliation" was not cognizable under Nevada law. Each argument challenges the merits of Banq's claims. *See Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir. 2004) ("[P]reemption is a final judgment on the merits."); *cf. Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (noting that, in a false advertising claim, "the determination of whether an alleged misrepresentation 'is a statement of fact' or is instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion"); *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002) ("[L]eave to amend after Rule 12(b)(6) dismissal is appropriate only if there is a distinct, cognizable claim.") (simplified). Defendants also indicated an intent to resolve "Banq's misguided allegations of spoliation . . . in discovery if any claims survive a motion to dismiss." So, Defendants' motion clearly sought a determination on the merits and demonstrated their intent to take advantage of a judicial forum. *See Newirth*, 931 F.3d at 941 ("Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum.") (simplified).

Defendants also participated in discovery proceedings before the district court

by submitting an amended joint Rule 26(f) report, a discovery plan and scheduling order, a stipulated protective order, and a stipulation regarding documents and electronically stored information. While Defendants correctly point out that they were required to participate in at least some discovery proceedings, *see* Fed. R. Civ. P. 26(f), D. Nev. R. 26-1, their actions still demonstrate active litigation on the merits. Defendants chose to participate in these discovery proceedings without actively seeking or preserving their right to arbitrate. So, the discovery proceedings show Defendants wanted "to take advantage of being in court." *Armstrong*, 59 F.4th at 1015 (simplified).

We find Defendants' counterarguments unavailing. Contrary to Defendants' view, that the district court didn't rule on their motion to dismiss does not alter Defendants' intention to avail themselves of a favorable ruling. As we have noted, "whatever the judge may have done, the defendants *sought* a ruling on the merits." *Martin*, 829 F.3d at 1126 n.4. What matters here is that Defendants moved to dismiss Banq's claims on the merits, not the district court's actions, *id.*, and not whether Defendants affirmatively attached the label "with prejudice" to their motion.

Although five months may not typically constitute "a prolonged delay" in moving for arbitration, timing is only one factor in the totality of circumstances we consider when reviewing the waiver of a right to arbitration. *See Armstrong*, 59 F.4th at 1015. We conclude that five months constitutes a prolonged delay under

4

the totality of the circumstances in this case because Defendants actively litigated the merits of the case and engaged in discovery proceedings during that period. *See id.* at 1015–16; *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 472 (9th Cir. 2023) (finding "much-delayed demand for arbitration" inconsistent with respect to arbitration right); *Martin*, 829 F.3d at 1126 n.4.

2. Because we conclude the district court erred in finding that Defendants hadn't waived their right to arbitration, Banq's other claims for relief are moot and we decline to address them here.

**REVERSED.**