NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUPPORT COMMUNITY, INC., a Delaware Corporation, <br><br> Plaintiff-ctr-defendant - Appellee, <br><br> v. <br><br> MPH INTERNATIONAL, LLC, a Nevada Limited Liability Company, <br><br> Defendant-ctr-claimant - Appellant. | No. 24-3499 <br><br> D.C. No. 4:23-cv-04911-JSW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 12, 2025**
San Francisco, California

Before: VANDYKE and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Defendant MPH International, LLC appeals the denial of its motion to compel arbitration of claims filed against it by plaintiff Support Community, Inc. We have jurisdiction under 9 U.S.C. § 16(a)(1)(C). We review *de novo* the "denial of a motion to compel arbitration, including [the] determination that a party has waived the right to arbitrate." *Newirth by & through Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 939 (9th Cir. 2019) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)). We affirm.

1. The district court did not err in concluding that the parties agreed to arbitrate Support Community's claims. MPH disclosed an unsigned draft of an alleged contract, which contains an arbitration clause. MPH offered testimony from its CEO that the parties executed the draft in 2016, and emails showing that MPH sent the draft to Support Community in 2020 in response to a request for "our contract that we signed." The draft's title, alleged month of execution, and several of its provisions match the allegations in Support Community's complaint. Support Community offers no contrary evidence that could raise a factual dispute as to the parties' execution of the draft. And judicial estoppel does not bar MPH from asserting that the parties executed the draft, as that assertion is not "clearly inconsistent" with its earlier position that the parties ratified the draft through performance. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citation omitted).

2. The district court did not err in finding that MPH waived its known right to

arbitrate by "mak[ing] an intentional decision not to move to compel arbitration" and "actively litigat[ing] the merits of [the] case for a prolonged period of time." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). MPH does not contest that it knew of its right to arbitrate from the outset of the litigation. Though it could have petitioned to compel arbitration in its first responsive pleading in state court, *see* Cal. Civ. Proc. Code § 1281.7, it failed to do so for nearly ten months after its default was set aside. In the interim, MPH sought to dismiss Support Community's fraud claim with prejudice, removed the case to federal court, and asserted six counterclaims. This delay and affirmative litigation activity is inconsistent with the right to arbitrate. *See Martin v. Yasuda*, 829 F.3d 1118, 1125–26 (9th Cir. 2016); *Newirth*, 931 F.3d at 942. MPH's purported reservation of its right to arbitrate in its pleadings "is not enough to defeat a claim of waiver." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 471 (9th Cir. 2023). And though the arbitration clause permits MPH to pursue "equitable, non-monetary relief" without waiving its right to arbitrate other claims, MPH's counterclaims expressly sought monetary relief.

**AFFIRMED.**