Milos SOVAK, M.D.; Biophysica, Inc., Plaintiffs–Appellants,

v.

CHUGAI PHARMACEUTICAL CO., a corporation of the Empire of Japan; Cook Imaging Corporation, an Indiana corporation, Defendants–Appellees.

No. 00–55298.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2001.

Filed Feb. 19, 2002.

Lawrence E. Eden (argued), Lawrence R. Goerke, Encinitas, CA, for the plaintiffs-appellants.

Dean T. Janis (argued), Jonathan S. Dabbieri, San Diego, CA; Edward W. Harris III (argued), Steven S. Shockley, Maggie L. Smith, Indianapolis, IN, for the defendants-appellees.

Before: O'SCANNLAIN and PAEZ, Circuit Judges and KING,* District Judge.

## OPINION

O'SCANNLAIN, Circuit Judge.

We must decide whether federal or state law governs the right to compel arbitration when the underlying agreement contains only a general state choice-of-law clause.

### I

In 1986, Milos Sovak, while chairman of the board of Cook Imaging Corporation ("Cook"), co-invented an x-ray enhancing drug called "Ioxilan." Sovak promptly assigned his patent rights to Ioxilan in the United States and Japan to Cook.

In 1987, Sovak, on behalf of Cook, contracted with Chugai Pharmaceutical Company ("Chugai") for assistance in obtaining approval from the Japanese Ministry of Health and Welfare (the "Ministry") for the sale of Ioxilan in Japan. Under the Ioxilan contract, Chugai agreed to perform clinical trials in Japan and to file an application for final approval with the Ministry. Upon final approval, Chugai had the option of becoming Cook's exclusive licensee to sell Ioxilan in Japan in exchange for the payment of royalties. Chugai also had the option of terminating the contract at any time upon sixty days written notice.

In 1991, Sovak stepped down as chairman of Cook. Sovak and Cook entered into a Stock Redemption Agreement under which Cook agreed to pay Sovak thirty-three percent of any royalties received under the Ioxilan contract with Chugai. The parties also agreed to arbitrate all disagreements in Chicago pursuant to Illinois law and the rules of the American Arbitration Association.

In 1993, Chugai completed the clinical trials of Ioxilan in Japan and filed an application for final approval with the Ministry. While that application was pending, Chugai gave written notice to Cook that it intended to exercise its option to terminate the Ioxilan contract. In other words, Chugai opted not to become Cook's exclusive licensee for the sale of Ioxilan in Japan, and therefore would not be obligated to pay any royalties to Cook.

With the application still pending, Cook entered into a contract with Japanese Tobacco, Inc., which agreed to pay $5 million for the exclusive right to sell Ioxilan when the Ministry issued its final approval, which indeed a month later, it did.

Not surprisingly, Sovak was not pleased with the way events had unfolded. The Stock Redemption Agreement provided that he would receive a percentage of the

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

royalties paid by Chugai to Cook, but of course Chugai would not pay any royalties to Cook because it opted to terminate the Ioxilan contract. Further, Cook refused to share with him any portion of the $5 million received from Japanese Tobacco. Sovak apparently would receive no compensation at all from the sale of Ioxilan in Japan.

In 1996, Sovak sued Chugai in California state court, alleging that Chugai breached the Ioxilan contract with Cook. Chugai successfully removed the action to federal court, and the district court dismissed Sovak's claims without prejudice. Sovak later filed a second amended complaint (the "SAC"), asserting conversion claims against Cook. He claimed that the Stock Redemption Agreement gave him an equitable lien on any payments made to Cook relating to the sale of Ioxilan in Japan. Sovak claimed, therefore, that Cook converted part of the $5 million paid by Japanese Tobacco by not sharing any of it with him. Cook successfully moved to dismiss the second amendment complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Sovak subsequently filed a third amended complaint alleging various claims against Cook and Chugai. Significantly, Sovak claimed that Cook breached the Stock Redemption Agreement by not sharing any portion of the payment from Japanese Tobacco. Cook moved to dismiss Sovak's claims in favor of arbitration, relying upon its arbitration provision. Sovak argued that Cook had waived its right to compel arbitration by previously successfully moving to dismiss the second amended complaint for failure to state a claim. The court dismissed Sovak's claims, compelled arbitration, and stayed the proceedings as to Chugai pending the arbitration.

Pursuant to the court's order, Sovak and Cook proceeded to arbitration in Chicago,

Illinois. The arbitration panel issued an award in favor of Cook, without allowing Sovak an opportunity for a hearing. Sovak then filed a motion with the district court to vacate the award. The court denied the motion and dismissed the claims against Chugai. Sovak filed this timely appeal.

## II

### A

Sovak claims that Cook waived its right to compel arbitration by successfully moving to dismiss the second amendment complaint for failure to state a claim. The parties initially disagree about the applicable law governing waiver: Sovak argues that Illinois law applies, while Cook contends that federal law governs.

▮ Parties may agree to state law rules for arbitration even if such rules are inconsistent with those set forth in the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1–16. *See Volt Info. Scis., Inc., v. Bd. of Trs.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). However, parties must clearly evidence their intent to be bound by such rules. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 61–62, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir.2000). In other words, the strong default presumption is that the FAA, not state law, supplies the rules for arbitration. *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1213 (9th Cir.1998); *see also Roadway Package Sys. v. Kayser*, 257 F.3d 287, 293 (3d Cir.2001) (stating that parties must evidence a "clear intent" to incorporate state law rules for arbitration).

▮ Sovak claims that Illinois law supplies the rules for arbitration because the Stock Redemption Agreement's arbi-

tration provision contains an Illinois choice-of-law clause. But, a general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration. *See Wolsey, Ltd.*, 144 F.3d at 1213 (stating that *"Mastrobuono* dictates that general choice-of-law clauses do not incorporate state rules" for arbitration); *see also Chiron Corp.*, 207 F.3d at 1131 (same). Rather, we will interpret the choice-of-law clause as simply supplying state substantive, decisional law, and not state law rules for arbitration. Therefore, we must conclude that the Agreement incorporates the FAA's rules for arbitration, but Illinois substantive law applies in all other respects.

■ We further conclude that waiver of the right to compel arbitration is a rule for arbitration, such that the FAA controls. Rules for arbitration include principles that affect the "allocation of power between alternative tribunals." *Mastrobuono*, 514 U.S. at 60, 115 S.Ct. 1212. Waiver, in the arbitration context, involves the circumstances under which a party is foreclosed from electing an arbitration forum. Therefore, the question of whether a party has waived its right to compel arbitration directly concerns the allocation of power between courts and arbitrators. *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (explaining that "an allegation of waiver" must be resolved in light of the FAA's preference for arbitration). Accordingly, the FAA, and not Illinois law, supplies the standard for waiver.

■ Sovak, however, argues that Cook is nonetheless foreclosed from arguing that the FAA applies. The district court applied Illinois law in determining that Cook had not waived its right to compel arbitration. Sovak claims that Cook invit-ed the district court's error, and therefore is precluded from arguing otherwise on appeal here.

■ The invited error doctrine holds that "[O]ne may not complain on review of errors below for which he is responsible," *Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1336–37 (9th Cir.1985) (internal quotation marks omitted), and extends to choice of law questions. *See Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n*, 218 F.3d 1085, 1089 (9th Cir.2000). In its motion to dismiss in favor of arbitration, Cook expressly stated that Illinois law, and not the FAA, generally applied to its motion. However, Cook provided a lengthy description of federal waiver jurisprudence in responding to Sovak's waiver argument, and it specifically relied upon the FAA. Accordingly, Cook did not invite the district court's error in applying Illinois law.

## B

■ Sovak asserts that Cook waived its right to compel arbitration under the FAA by successfully moving to dismiss the second amended complaint for failure to state a claim. In order to prevail, Sovak must show (1) Cook had knowledge of its existing right to compel arbitration; (2) Cook acted inconsistently with that existing right; and (3) he suffered prejudice from Cook's delay in moving to compel arbitration. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990). Sovak bears a "heavy burden of proof" in showing these elements. *Id.*

■ We conclude that Sovak has not met his burden because he has not shown how he was prejudiced by Cook's delay in moving to compel arbitration. Indeed, Sovak has made no attempt on appeal to articulate how he was prejudiced. Accordingly, we hold that Cook did not waive its

right to compel arbitration under the FAA.[1]

## III

Sovak also challenges the district court's denial of his motion to vacate the arbitration award. Specifically, he claims that the arbitration panel misconstrued the Stock Redemption Agreement and that he was denied a fundamentally fair hearing.

### A

■■■ Judicial review of an arbitration panel's decision is "extremely narrow." *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 933 F.2d 1481, 1485 (9th Cir.1991). "If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." *Sheet Metal Workers Int'l Ass'n, Local 359 v. Ariz. Mech. & Stainless, Inc.,* 863 F.2d 647, 653 (9th Cir.1988). Sovak cannot meet this high burden of showing that the panel misconstrued the Agreement.

Cook agreed to provide Sovak "thirty-three percent (33%) of the royalties and other compensation received by[Cook] ... under [the Ioxilan] contract between[Cook] and Chugai." Sovak contends that the approved Ministry application to sell Ioxilan in Japan represents "other compensation." He therefore claims that he is entitled to its fair market value. Nevertheless, it is plausible to construe the term "other compensation" to refer to amounts directly received in con-nection with the sale of Ioxilan in Japan. Because this plausible interpretation excludes the final Ministry application, Sovak is not entitled to relief.

### B

■■■ Sovak also claims that the arbitration proceedings were fundamentally unfair because the panel denied him an oral hearing. Sovak does not contend that he lacked the opportunity to submit any relevant written materials, nor can he show any provision of the FAA which guarantees oral presentation. The panel's decision shows that it carefully considered Sovak's claims. In short, we cannot conclude that a party is denied a fundamentally fair hearing simply because he was denied oral presentation.

## IV

In his reply brief, Sovak argues that the district court erred in dismissing his claims against Chugai. Because Sovak did not argue this issue in his opening brief, we decline to consider it. *See, e.g., Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

AFFIRMED.

---

1. Apart from waiver, Sovak does not challenge the district court's order compelling arbitration. Therefore, we express no view as to whether the district court properly compelled arbitration in Chicago, even though the federal action was filed in California. *Compare Cont'l Grain Co. v. Dant & Russell,* 118 F.2d 967, 968–69 (9th Cir.1941) (holding that § 4 of the FAA limits a court to ordering arbitration within the district in which the suit was filed) *with Dupuy–Busching Gen. Agency v. Ambassador Ins. Co.,* 524 F.2d 1275, 1276–78 (5th Cir.1975) (concluding that § 4 bars ordering arbitration in another judicial district only when the party seeking to compel arbitration filed the federal suit).