Daniel CALABRIA, Plaintiff— Appellant,

v.

FRANKLIN TEMPLETON SERVICES, INC.; Franklin/Templeton Distributors, Inc.; Templeton Worldwide, Defendants—Appellees.

No. 01–17208.
D.C. No. CV–01–02280–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2003.*

Decided March 6, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge,
NOONAN and CLIFTON, Circuit Judges.

## MEMORANDUM**

Appellant Daniel Calabria appeals the district court's dismissal of his Petition to Modify, Correct, and Otherwise Confirm an Arbitration Award as time-barred. We affirm.

The issue in this case is whether the Federal Arbitration Act's ("FAA") three-month time limit applies to Calabria's motion to modify his arbitration award, or whether the Florida time limit applies. To agree to state law rules that are inconsistent with the FAA's rules, the parties' intent to be bound by such rules must be clear. *See Sovak v. Chugai Pharm. Co.,* 280 F.3d 1266, 1269 (9th Cir.2002). The general Florida choice-of-law provision in the Severance Agreement at issue in this case is insufficient to overcome the presumption that the FAA's rules control as to procedure. *See Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 63–64, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995).

The district court correctly ruled that the time limit to modify an arbitration award is not substantive law and is therefore governed by the FAA. That three month limit was not met.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.