**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chandramoorthy SUNDARAM,**
**Defendant–Appellant.**

No. 02–10164.

D.C. No. CR–01–00262–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and
W. FLETCHER, Circuit Judges.

MEMORANDUM *

We affirm defendant Chandra-
moorthy Sundaram's conviction on one
count of bringing or attempting to bring
an alien into the United States in violation
of 8 U.S.C. § 1324(a)(2)(B)(ii). Although
the initial deliberations that included two
alternate jurors violated Fed.R.Crim.P.
24(c)(3), the district court's removal of the
alternates and subsequent instruction for
the jury "to begin its deliberations anew"
was sufficient to prevent any prejudice to
Sundaram.[1] *See United States v. McFar-
land,* 34 F.3d 1508, 1514 (9th Cir.1994);
*United States v. Acevedo,* 141 F.3d 1421,
1424–25 (11th Cir.1998).

It would have been better had the
district court elaborated on its direction to
"begin ... anew," and instructed the ju-
rors to disregard entirely any deliberations
taking place prior to the removal of the
alternates and to consider the evidence as
if the previous deliberations had never oc-
curred. We conclude, however, that the
instruction given did not amount to plain
error. The post-verdict poll indicated that
the jury's verdict was unaffected by the
alternates' deliberation, and there was no
evidence of prejudice in the record.

We also find no merit in Sundar-
am's other arguments on appeal. First,
Sundaram waived his right to attack the
indictment as duplicitous by objecting to
an instruction proposed by the district
court that would have cleared up any am-
biguity in the indictment's language. *See
Sovak v. Chugai Pharm. Co.,* 280 F.3d
1266, 1270 (9th Cir.2002) (holding that one
may not allege errors on appeal for which
he or she is responsible). Second, proba-
ble cause for an arrest was established by
the facts that Sundaram was a suspected
alien smuggler, that his name, along with
the names of his traveling companions, had
been used before by undocumented nation-
als seeking to enter the United States
illegally, and that the individual Sundaram
accompanied was unable to present any
identification documents.[2] Finally, Sun-
daram's asserted inability to understand
English did not render invalid his waiver
of *Miranda* rights. The record makes
clear that Sundaram adequately under-
stood the officer's recitation of his rights

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Cir. R. 36–3.

1. Because there was no objection at the time,
we review for plain error the district court's
inadvertent decision to send the alternates in

to deliberate with the jurors. *United States v.
Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770,
123 L.Ed.2d 508 (1993).

2. We review de novo the district court's find-
ing that probable cause exists. *United States
v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999).

and that he chose to proceed in English rather than waiting for an interpreter.[3]

**AFFIRMED.**

**3.** We review for clear error the district court's finding that Sundaram waived his *Miranda* rights. *See United States v. Garibay,* 143 F.3d 534, 536 (9th Cir.1998).