UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHOICE HOTELS INTERNATIONAL,
INCORPORATED,

       *Plaintiff-Appellee,*

v.

NITEEN HOTELS (ROCHESTER) LLC;
RAMESH BHATIA,

       *Defendants-Appellants.*

No. 03-2075

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-02-3586-DKC-8)

Argued: June 3, 2004

Decided: July 9, 2004

Before LUTTIG and KING, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Jeffrey Michael Goldstein, GOLDSTEIN LAW GROUP,
Washington, D.C., for Appellants. Kerry Shanahan McGeever,
CHOICE HOTELS INTERNATIONAL, INCORPORATED, Silver

Spring, Maryland, for Appellee. **ON BRIEF:** John C. Murphy, Baltimore, Maryland, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Niteen Hotels and Ramesh Bhatia (collectively "Niteen") appeal from the Order entered on August 8, 2003, in the District of Maryland, granting the petition of Choice Hotels International to confirm an arbitration award and denying Niteen's petition to vacate that award. Niteen contends that the district court erred and that the arbitration award was defective because the arbitrator improperly excluded Niteen's counsel from the arbitration hearing. As explained below, we affirm.

I.

On June 16, 1999, Choice Hotels and Niteen entered into a franchise agreement (the "Agreement") providing, inter alia, that Niteen would operate a Quality Inn owned by Choice Hotels in New York in exchange for the payment of certain fees. The Agreement contained an arbitration provision requiring all controversies or claims "arising out of or relating to" the Agreement, or a breach of the Agreement, to be resolved by "final and binding arbitration." Any such arbitration proceeding was to be conducted before the American Arbitration Association (the "AAA") or J.A.M.S./Endispute in accordance with the Commercial Arbitration Rules (the "AAA Rules"). Agreement ¶ 22.* The Agreement required the arbitrator, in resolving

---

*The arbitration clause of the Agreement provides, in pertinent part, that

a controversy or claim, to "apply the substantive laws of Maryland." *Id.* When Niteen breached the Agreement, Choice Hotels terminated the Agreement on December 3, 1999.

On November 19, 2001, Choice Hotels filed a claim against Niteen with the AAA, seeking damages for Niteen's breach of the Agreement. The AAA issued an order scheduling an arbitration hearing for September 17, 2002. Niteen thereafter failed to attend a May 8, 2002, preliminary hearing, failed to submit required witness lists, exhibit lists, and a pre-arbitration brief, and did not timely notify the AAA or Choice Hotels on whether Niteen would be represented by counsel.

On the afternoon of September 16, 2002, Niteen contacted counsel for Choice Hotels requesting an agreement to postpone the arbitration hearing scheduled for the following day, asserting that its counsel, a Mr. Milazzo, had suffered a neck injury. Counsel for Choice Hotels refused to agree to a postponement, and that evening an attorney named Murphy left a telephone message with counsel for Choice Hotels identifying himself as counsel for Niteen.

On the morning of September 17, 2002, the attorney for Choice Hotels phoned Mr. Murphy, who explained that he was not prepared to proceed with the arbitration hearing (the "Hearing"). In response, Choice Hotels advised Murphy that it would oppose a postponement of the Hearing. Later that morning, the parties convened before an AAA arbitrator, who provided Mr. Murphy with an opportunity to demonstrate why the Hearing should not proceed as scheduled. Niteen, through Ramesh Bhatia, acknowledged that it knew of the scheduled arbitration Hearing and that it had received the pre-arbitration materials submitted by Choice Hotels. Choice Hotels, on the other hand, asserted that it had not received timely notice that Niteen would

---

any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration before either the [AAA] or J.A.M.S./Endispute in accordance with the [AAA Rules] . . . . The arbitrator will apply the substantive laws of Maryland . . . .

Agreement ¶ 22.

be represented by Mr. Murphy and that it had not received any pre-arbitration materials from Niteen. Mr. Milazzo was contacted by phone, and he confirmed that he had injured his neck several months earlier. He advised, however, that he had since resumed the practice of law.

The arbitrator then denied Niteen's request for a postponement of the Hearing for two reasons. First, he found Niteen's excuse for being unprepared, i.e., Mr. Milazzo's neck injury, "specious." Second, he concluded that Niteen had failed to comply with the notification requirements of AAA Rule 26. That rule provides that "[a]ny party may be represented by counsel or other authorized representative," but that

> [a] party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three days prior to the date set for the hearing at which that person is first to appear.

AAA Rule 26. As a result of this decision, the arbitrator excluded Murphy from the Hearing, and Niteen proceeded on a pro se basis.

On September 18, 2002, Murphy wrote to the AAA to request a new arbitration hearing, contending that Niteen had been improperly denied its right to be represented by counsel at the Hearing. Following briefing on this point, both the arbitrator and the AAA denied Niteen's request for a new hearing. Thereafter, on October 18, 2002, the arbitrator issued its arbitration award in favor of Choice Hotels.

On October 31, 2002, Choice Hotels filed its petition in the District of Maryland, seeking confirmation of the arbitration award. On November 25, 2002, Niteen filed a petition in the Circuit Court for Montgomery County, Maryland, seeking to vacate the award. Niteen's state court proceeding was promptly removed by Choice Hotels to federal court, where it was consolidated with the confirmation proceeding initiated by Choice Hotels. On August 8, 2003, the district court confirmed the arbitration award, denied Niteen's petition to vacate, and entered judgment in favor of Choice Hotels. In so doing, the court concluded that: (1) the arbitrator possessed the authority, under AAA Rule 30, to decline to postpone the Hearing when Niteen

failed to show good cause for a postponement; (2) the arbitrator could decide, pursuant to Rule 25, who was entitled to attend and participate in the Hearing; and (3) the arbitrator's procedural decisions were not governed by the Maryland Uniform Arbitration Act (the "MUAA"). *Choice Hotels Int'l, Inc. v. Niteen Hotels (Rochester) LLC*, No. DKC 2002-3586 (D. Md. August 8, 2003) (the "Opinion"). Niteen has appealed, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Niteen contends that, under the Agreement and the AAA Rules, the arbitrator exceeded his authority when he excluded Mr. Murphy from the Hearing. As the district court observed, if a contract provides for arbitration and the dispute is resolved thereunder, substantive review by a court is limited to those grounds set forth in section 10 of the Federal Arbitration Act. 9 U.S.C. § 10(a). We may vacate an arbitration award, therefore, only if one of the following conditions is met: (1) the award was procured by corruption, fraud, or undue means; (2) the arbitrator engaged in misconduct or was not impartial; or (3) the arbitrator exceeded his powers. *Id.* Niteen contends that the arbitrator exceeded his powers in excluding Mr. Murphy as its counsel and that the award should therefore be vacated. As explained below, we disagree.

Pursuant to the Agreement, all controversies and claims arising out of or relating thereto were to be arbitrated in accordance with the AAA Rules. And under AAA Rule 26, "[a] party intending to be [represented by counsel] shall notify the other party and the AAA of the name and the address of the representative at least three days prior to the date set for the hearing at which that person is first to appear." AAA Rule 26. The "shall notify" phrase of Rule 26 is mandatory, and it is clear that Niteen failed to comply with that provision. We agree with the district court, therefore, that the arbitrator's decision to exclude Murphy from the Hearing did not exceed his authority. Opinion at 8.

Niteen nonetheless maintains that Mr. Murphy's exclusion from the Hearing contravened the provisions of AAA Rule 25, and that the only proper remedy for its noncompliance with Rule 26 was postponement of the Hearing. Under Rule 25 it is "discretionary with the

arbitrator to determine the propriety of the attendance of any person other than a party and its representatives." Niteen contends that, in authorizing an arbitrator to exclude any person *other than a party and its representative*, Rule 25 precludes an arbitrator from excluding a party's representative from an arbitration hearing. This contention fails, however, because a person does not qualify as a representative of a party unless the notice requirements of Rule 26 have been complied with. Because Niteen failed to comply with Rule 26, Mr. Murphy did not qualify as Niteen's representative. Thus, the district court correctly ruled that the arbitrator was authorized to exclude Mr. Murphy from the Hearing. *Id.*

Finally, Niteen maintains that the arbitrator exceeded his authority in excluding Mr. Murphy from the Hearing because, pursuant to the Agreement, the arbitrator was bound to apply the substantive laws of Maryland, which accord Niteen a right of representation. Under the Agreement, however, the arbitrator was required to conduct the arbitration under the *procedural* parameters of the AAA Rules, rather than pursuant to any procedures required by Maryland law. As the district court observed, the MUAA cannot trump the *procedural* notice requirements upon which the arbitrator relied in excluding Mr. Murphy from the Hearing. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002) (concluding that agreement to apply state substantive law does not incorporate state procedural rules for arbitration). Because the arbitrator properly relied on AAA Rules 25 and 26 in excluding Mr. Murphy from the Hearing, the district court did not err on this point.

### III.

Pursuant to the foregoing, we agree with the district court, and we affirm its Opinion of August 8, 2003.

*AFFIRMED*