**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTATE OF ELLEN D. FOSTER, deceased, Ashley Bradley and Tara Shapiro, Co-Executors,<br><br>          Petitioner - Appellant,<br><br> v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>          Respondent - Appellee. | No. 11-73400<br><br>Tax Ct. No. 16839-08<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted February 13, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior District Judge.[**]

    The Estate of Ellen D. Foster (the Estate) appeals from a decision of the tax

court finding an estate tax deficiency of $3,253,910.  Because the parties are

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

As a preliminary matter, we reject the Estate's argument that the tax court erred in valuing the marital trusts' assets, rather than Ellen Foster's beneficial interest. The Estate expressly acknowledged on its tax return that "the assets of all three marital trusts are includible in the estate of the decedent," and its expert provided valuations of the assets in the marital trusts. Because the Estate proffered evidence of the value of the underlying assets, it may not now argue that the tax court erroneously considered the value of those assets. *Cf. Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002).

Further, the tax court did not err in declining to apply discounts for hazards of litigation, lack of control, or lack of marketability. The plaintiffs in the Keach lawsuit did not seek to recover specific, unique assets from the defendants, and the Keach lawsuit did not cloud the title of the trust assets. Because a hypothetical buyer of the trust assets would not become a defendant in the Keach lawsuit, the tax court properly rejected any hazards of litigation discount. *See Shackleford v. United States*, 262 F.3d 1028, 1031 (9th Cir. 2001). Similarly, the tax court properly declined to apply discounts for lack of control and lack of marketability. As the tax court correctly observed, the freeze applied to Ellen Foster, not the

2

underlying trust assets. And the tax court did not clearly err in finding that the freeze was "loosely enforced."

Finally, the tax court properly rejected the Estate's alternative argument that the estimated date-of-death value of the Keach lawsuit was deductible as a claim against the Estate. Because the lawsuit was disputed at the date of Ellen Foster's death, post-death events may be considered in computing the allowable deduction. *See Estate of Saunders v. Comm'r*, —F.3d—, 2014 WL 949246, at *4 (9th Cir. Mar. 12, 2014). Further, in view of the sharp discrepancies in expert valuations of the lawsuit, the tax court correctly concluded that the lawsuit's estimated date-of-death value was not ascertainable with reasonable certainty. *See id.* at *6–7. The Estate's argument to the contrary confuses the valuation of assets held by an estate with the deduction for claims pending against an estate. *Id.* at *6.

For the foregoing reasons, we affirm the decision of the tax court.

**AFFIRMED.**